# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| SHIRL DIANE LOFTON, | ) Case No. 18-74512-FJS |
|  | ) |
| *Debtor*. | ) Chapter 7 |
|  | ) |

## ORDER TO SHOW CAUSE AS TO JOSEPH SPENCE

The above-captioned Debtor, by counsel, filed a voluntary petition, schedules, lists, and statements on December 27, 2018. Included amongst the Debtor's schedules and statements was the Disclosure of Compensation of Attorney for Debtor filed pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b) (the "Disclosure of Compensation"). The Disclosure of Compensation indicated that Hampton Roads Legal Services agreed to accept $1,358.00 in exchange for representation of the Debtor in this case.

A Reaffirmation Agreement between the Debtor and JPMorgan Chase Bank, N.A regarding the Debtor's 2014 Ford Escape was filed on February 26, 2019 (the "Reaffirmation Agreement"). The Court convened a hearing on the Reaffirmation Agreement on April 2, 2019. At the hearing, the Debtor and Joseph Spence, counsel for the Debtor, appeared.

Of particular concern to the Court is the substandard assistance the Debtor was afforded by counsel in preparation for the hearing. Significantly, the Debtor presented to the Court that the first time she had ever met Mr. Spence was just before the hearing. Tr. of Apr. 2, 2019 Hr'g, ECF No. 17, 6:2-6. When asked by the Court whether Mr. Spence's first interaction with the Debtor took place just before the hearing, Mr. Spence confirmed this to be the case. *Id.* at 6:10-15. Further, as the transcript attached as an exhibit to this Order reflects, Mr. Spence was unfamiliar with his

client and the details relevant to the Reaffirmation Agreement and ill-prepared to represent his client. *See generally id.*

Under 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017, "[t]he court is authorized to cancel a fee agreement or order disgorgement of compensation if it determines that an attorney's fee 'exceeds the reasonable value' of the services rendered." *In re Beale*, 553 B.R. 69, 75 (Bankr. E.D. Va. 2016). The Court may cancel a fee agreement or order disgorgement of compensation *sua sponte*. Fed. R. Bankr. P. 2017.

The Court finds that the compensation paid by the Debtor to Hampton Roads Legal Services may be unreasonable in light of the quality of service displayed at the hearing on the Reaffirmation Agreement. Therefore, the Court finds that Joseph Spence, Esquire should appear and show cause why the fees paid by the Debtor to Hampton Roads Legal Services were reasonable and why Hampton Roads Legal Services should not disgorge and refund the Debtor the fees paid by the Debtor to Hampton Roads Legal Services.

Accordingly, the Court ORDERS **Joseph Spence, Esquire** to appear at the **United States Bankruptcy Court, Courtroom Two, 4th Floor, 600 Granby Street, Norfolk, Virginia**, on **May 1, 2019,** at **10:00 a.m.** and show cause why: (1) the fees paid by the Debtor to Hampton Roads Legal Services were reasonable; and (2) Hampton Roads Legal Services should not disgorge and refund the fees paid by the Debtor to Hampton Roads Legal Services.

The Clerk shall deliver copies of this Order to Joseph Spence, counsel for the Debtor; the Debtor; the Chapter 7 Trustee; and the Office of the United States Trustee.

IT IS SO ORDERED.

/s/ Frank J. Santoro

Apr 4 2019

FRANK J. SANTORO
United States Bankruptcy Judge

Entered on Docket: Apr 4 2019

# UNITED STATES BANKRUPTCY COURT

---

```
            UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                   NORFOLK DIVISION


                                 )
In re                            ) Case No. 18-74512-FJS
                                 ) Norfolk, Virginia
SHIRL DIANE LOFTON,              )
                                 ) April 2, 2019
         Debtor.                 ) 10:15 AM
                                 )




Pages:    1 through 9

Place:    Norfolk, Virginia

Date:     April 2, 2019
```

---

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 206
Washington, D.C. 20005-4018
(202) 628-4888
contracts@hrccourtreporters.com

1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Case No. 18-74512-PJS |
|  | ) | Norfolk, Virginia |
| SHIRL DIANE LOFTON, | ) |  |
|  | ) | April 2, 2019 |
| Debtor. | ) | 10:15 AM |
|  | ) |  |

TRANSCRIPT OF HEARING
11 -- REAFFIRMATION HEARING - (JPMORGAN CHASE BANK, N.A.)
BEFORE THE HONORABLE JUDGE FRANK J. SANTORO
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

FOR THE DEBTOR:            Hampton Roads Legal Services
                           BY:  JOSEPH SPENCE, Esquire
                           372 S. Independence Boulevard
                           Suite 109
                           Virginia Beach, VA  23452
                           (757) 320-2010

TRANSCRIPTION SERVICES:    Heritage Reporting Corporation
                           1220 L Street, N.W., Suite 206
                           Washington, D.C.  20005
                           (202) 628-4888

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

1           P R O C E E D I N G S

2                                                    (10:15 a.m.)

3           THE CLERK:  Item 38, Shirl Lofton.

4           JUDGE SANTORO:  Mr. Spence, this is an agreement
5   with JPMorgan Chase?

6           MR. SPENCE:  Yes, Your Honor, and a response from
7   Debtor as well.

8           JUDGE SANTORO:  All right.  Thank you.

9           All right.  This is for your 2014 Ford Escape?

10          MS. LOFTON:  Yes, sir.

11          JUDGE SANTORO:  Are your car payments current?

12          MS. LOFTON:  Yes, sir.

13          JUDGE SANTORO:  Have they always been current?

14          MS. LOFTON:  No, sir.

15          JUDGE SANTORO:  When were you behind?

16          MS. LOFTON:  Before I filed bankruptcy.

17          JUDGE SANTORO:  How'd you get them caught up?

18          MS. LOFTON:  Working.

19          JUDGE SANTORO:  Okay.  You paid the money and now
20  they're caught up?

21          MS. LOFTON:  Yes.

22          JUDGE SANTORO:  It's not added into this agreement
23  anywhere then?

24          MS. LOFTON:  Excuse me?

25          JUDGE SANTORO:  It's not added in to the end of

3

1 the agreement?

2 MS. LOFTON: Some was put back there, yes, sir.

3 MR. SPENCE: The agreement doesn't indicate that,
4 Your Honor. I was of the understanding that she had been up-
5 to-date in payments totally.

6 JUDGE SANTORO: All right.

7 MS. LOFTON: When you ask -- I'm sorry. What do
8 you mean was some put back?

9 JUDGE SANTORO: Did you -- how far behind were
10 you?

11 MS. LOFTON: This is before I filed bankruptcy.

12 JUDGE SANTORO: I understand that. How far behind
13 before you filed bankruptcy were you?

14 MS. LOFTON: I was like two payments behind.

15 JUDGE SANTORO: Did you pay two extra payments
16 since you filed for bankruptcy?

17 MS. LOFTON: No, no, no, no.

18 JUDGE SANTORO: It was added to the end of the
19 agreement?

20 MS. LOFTON: Prior to the bankruptcy, yes.

21 JUDGE SANTORO: Yeah, okay. All right. I'm going
22 to carry this hearing over. Your lawyer's going to explain to
23 you that I have a series of options, you know, like boxes that
24 I can check on these things. I would prefer to check the box
25 that says you keep your car payments current and keep your

4

```
 1  insurance right and you're going to be okay.  I'm not sure I
 2  can do that because the contract is different than you
 3  originally signed.
 4              Mr. Spence, you need to get me some more
 5  information on that, and we'll adjourn it so that I can make a
 6  determination of what's going to be in the Debtor's best
 7  interests.
 8              MR. SPENCE:  Yes, Your Honor.  Perhaps --
 9              JUDGE SANTORO:  Wait a minute.  Go ahead.
10              MR. SPENCE:  Perhaps, Your Honor, it may be
11  beneficial to just drop this down on this docket so I have a
12  chance to speak with him.  Perhaps he's confused about what
13  your questions meant.
14              JUDGE SANTORO:  I don't think that's going to be
15  the best alternative.  I would prefer that you review the
16  documents yourself --
17              MR. SPENCE:  Yes, Your Honor.
18              JUDGE SANTORO:  -- rather than rely on the
19  determination -- rather than rely on the Debtor for a
20  determination of the legal effect of certain parts of the
21  transaction.
22              MR. SPENCE:  Yes, Your Honor.
23              JUDGE SANTORO:  All this is designed to help you,
24  not to make it more difficult.  It's designed to make me -- to
25  put me in a position where I can give you the best deal
```

```
                                                                5
 1    possible under the circumstances.
 2              How long will you need?
 3              MR. SPENCE:  At least two weeks, Your Honor.
 4              JUDGE SANTORO:  Go ahead.
 5              MS. LOFTON:  Could I just ask you a question if
 6    you don't mind?
 7              JUDGE SANTORO:  Sure, of course.
 8              MS. LOFTON:  When you just asked me was my car
 9    payments ever behind, were you talking about while since I had
10    the car?
11              JUDGE SANTORO:  Yes.
12              MS. LOFTON:  Well, I've had this car for four
13    years, and yes, that's what I meant.
14              JUDGE SANTORO:  Well, and that's what I'm trying
15    to get to the bottom of, so your lawyer needs to do a little
16    bit more --
17              MS. LOFTON:  But that was three years ago when I
18    was behind.  That's what I'm saying.
19              JUDGE SANTORO:  Thank you.  How long will it take?
20              MR. SPENCE:  Perhaps a month, Your Honor.
21              JUDGE SANTORO:  You need to read the page --
22              MR. SPENCE:  Yes, Your Honor.
23              JUDGE SANTORO:  Is there anything else?  Would you
24    like to say anything else?  Because I don't want you to walk
25    out of here feeling like you haven't had your say, but you
```

6

1  don't understand the point.
2              MS. LOFTON:  Well, we just met and when I -- I
3  have been current on my payments.  And I have been -- we
4  just -- I just met with him, so you kind of confused me -- the
5  life -- since I had my car, yes, I was behind, but I'm not
6  behind now, and I haven't been behind.
7              JUDGE SANTORO:  Hold on.
8              MS. LOFTON:  I haven't been behind in 2018.  I
9  haven't been behind in 2019.
10             JUDGE SANTORO:  Okay.  Hold on.
11             Mr. Spence, when did you first meet with the
12 client with regard to the matter that is before the Court?
13             MR. SPENCE:  Before this hearing, Your Honor.  The
14 phone number that the office had listed for him was
15 inaccurate.
16             JUDGE SANTORO:  That -- don't --
17             MS. LOFTON:  But, see, he's calling me a him, I'm
18 a female.
19             JUDGE SANTORO:  I -- I -- I --
20             MR. SPENCE:  I'm sorry, Your Honor.
21             JUDGE SANTORO:  All right.  Let's start over and
22 see what happens.  Let's just start over.  This is for your
23 2014 Ford Escape, is that correct?
24             MS. LOFTON:  That is correct.
25             JUDGE SANTORO:  Are your vehicle payments current?

7

```
 1                MS. LOFTON:  Yes.
 2                JUDGE SANTORO:  Have they always been current?
 3                MS. LOFTON:  Yes.
 4                JUDGE SANTORO:  Well, now I know that's not true.
 5   When will you be available in a month?  You just told me that
 6   wasn't true.  I was trying to give you another chance.  I
 7   can't do it now.  How about May 1?  Is that agreeable?  That's
 8   a Wednesday.
 9                MR. SPENCE:  Yes, Your Honor.
10                JUDGE SANTORO:  Are you available on Wednesday,
11   May 1?  If not, we have other dates, so we'll give you a date
12   that's convenient for you.
13                MS. LOFTON:  That's fine.
14                JUDGE SANTORO:  Thank you.  Wednesday, May 1 at
15   10:00.
16                Mr. Spence, please make sure to speak with Ms.
17   Lofton in advance.  These are designed to be summary type
18   hearings.  I've asked the same set of hearings -- the same set
19   of questions on this kind of hearing for 11 years.  It is not
20   appropriate for her to be surprised by the questions, and it
21   is not appropriate for you to have failed to prepare her
22   before the hearing for any reason.
23                MR. SPENCE:  Yes, Your Honor.
24                JUDGE SANTORO:  So let's make sure that this is as
25   stress-free as is humanly possible within the confines of what
```

8

1  I'm allowed to do so that we can get this resolved and get
2  this case closed so that Ms. Lofton can be on about the rest
3  of her business.  Is that clear?
4           MR. SPENCE:  Yes, Your Honor.
5           JUDGE SANTORO:  Thank you very much.
6     (Whereupon, these proceedings were concluded at 10:21 a.m.)
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

9

## CERTIFICATE

DOCKET NO.:      18-74512-FJS

CASE TITLE:     Shirl Diane Lofton

HEARING DATE:   April 2, 2019

LOCATION:       Norfolk, Virginia

     I, court approved transcriber, certify that the foregoing is a true and correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

                                        Date:  April 3, 2019

                                        Wendy Smith
                                        Transcriber
                                        Heritage Reporting Corporation
                                        Suite 206
                                        1220 L Street, N.W.
                                        Washington, D.C.  20005-4018